```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
MEOMI DESIGN, INC.; and IMMEDIUM, INC.,                             :
                                                                    :
                                          Plaintiffs,               :      1:24-cv-4613-GHW
                                                                    :
                    -v-                                             :      ORDER TO SHOW CAUSE
                                                                    :
VAMPIRE SQUID PRODUCTIONS, LTD; and                                 :
WANDA KIDS CULTURAL DEVELOPMENT                                     :
CO. LTD.,                                                           :
                                                                    :
                                          Defendants.               :
                                                                    :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/2024

GREGORY H. WOODS, United States District Judge:

      Plaintiffs commenced this action on June 17, 2024 against the above-captioned Defendants. As the basis for this Court's subject matter jurisdiction, Plaintiffs invoke 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000. Dkt. No. 1 ¶ 3. To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiffs, as the parties invoking diversity jurisdiction, "must allege in [their] pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

      It appears that the Court lacks subject matter jurisdiction in this matter because one of the Plaintiffs and both Defendants are foreign entities. "[F]ederal courts do not have diversity jurisdiction over lawsuits between two foreign parties . . . ." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) (citing 28 U.S.C. § 1332(a)(2)). Therefore, "diversity is lacking . . . where the only

parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 160 (2d Cir. 2015), *as amended* (Dec. 17, 2015), *aff'd sub nom. Jesner v. Arab Bank, PLC*, 584 U.S. 241 (2018).

Plaintiff Meomi Design, Inc. is a "Canadian corporation," and Plaintiff Immedium, Inc., is a "California corporation based in San Francisco." Dkt. No. 1 ¶¶ 9, 11. Defendant Vampire Squid Productions, Ltd. ("VSP") is an "English company based in the United Kingdom." *Id.* ¶ 12. The only other Defendant in this action, Wanda Kids Cultural Development Co. Ltd. ("Wanda"), is the "China-based majority shareholder" of VSP. *Id.*; *see also id.* ¶ 13 ("Upon information and belief, Wanda is a Chinese company based in either Beijing or Hong Kong."). Because "on one side there are citizens and aliens and on the opposite side there are only aliens," *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d at 160, the Court appears to lack subject matter jurisdiction in this matter.[1]

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE by June 21, 2024 as to why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: June 19, 2024
New York, New York

GREGORY H. WOODS
United States District Judge

---

[1] Plaintiffs allege that VSP has an office in New York, NY. Dkt. No. 1 ¶ 6. To the extent that VSP's New York office is its principal place of business (which is not alleged), this is still not sufficient to show complete diversity. *See Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) ("[E]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation." (quotations omitted))